1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

S. MARIE MEYER et al.,

                  Plaintiffs,

   v.

DIANA LYNN KIESEL, et al.,

                  Defendants.

CASE NO. C24-5156 BHS

ORDER

13       THIS MATTER is before the Court on defendants City of Puyallup, Puyallup

14 Police Department, Scott Eagle, and Tyler Nelson (the Puyallup defendants') motion to

15 dismiss, Dkt. 16, and on defendants Comfort Davies Smith & Crawford PS, Heather

16 Crawford, Sean Kadow, Dianna Kiesel, Peter Kram, Kram &Wooster, Pierce County

17 Sheriff, Pierce County Superior Court, Ed Troyer, Constance White, and Richard

18 Wooster's (the Pierce County Court defendants') motion to dismiss, Dkt. 17.

19

20

21

22

ORDER - 1

Pro se plaintiff Marie Meyer's second[1] amended complaint is 187 pages long. Dkt. 5. It asserts 70 "counts" against 39 named defendants and 10 "Doe" defendants. Her prior complaints, Dkts. 1 and 3, asserted claims against six additional defendants, but they are not named in the latest iteration. Meyer also purports to assert these claims on behalf of her minor child, A.M.

Meyer's complaint is difficult to follow. She complains primarily about a state court family law/dissolution proceeding in Pierce County Superior Court. She specifically disputes the proposed (and apparently completed) sale of her home at a price lower than she believes was reasonable, as part of that dissolution. *Id*. at 10. Meyer also repeatedly claims that "the defendants" violated her constitutional rights, including her right to "locomotion." *Id*. at 4. Meyer seeks $140,000,000.00 for each defendant's involvement in the deprivation of her liberty, as well as $280,000,000.00 in punitive damages. *Id*. at 185.

The Pierce County Court defendants move to dismiss, arguing that Meyer implausibly alleges a vast conspiracy to deprive her of her constitutional rights. Dkt. 17 at 2. They ask the Court to dismiss Meyer's claims against them with prejudice. They argue that judges and other judicial officers are entitled to absolute judicial immunity, *id*. at 5–9, that Meyer's claims are barred by the *Rooker-Feldman* doctrine, depriving this Court of subject matter jurisdiction, *id*. at 3–5, and that Meyer has in any event failed to state a

---

[1] A plaintiff may amend her complaint once as a matter of right. Subsequent amendments require the defendants' consent or court approval, neither of which has occurred here. Federal Rule of Civil Procedure 15(a).

plausible claim for relief. *Id.* at 9–13. They seek dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *Id.*

The Puyallup defendants also ask the Court to dismiss Meyer's claims against them with prejudice. Dkt. 16. They similarly argue that Meyer's claims relate to a state court family law dispute that has already been adjudicated and which did and does not have anything to do with the Puyallup defendants. They argue that Meyer has failed to state a plausible claim against them, that her claims are barred by *Rooker-Feldman*, and that she failed to properly serve a summons and complaint upon them. They seek dismissal under Rules 12(b)(1), (5), and (6).

Both motions are noted for hearing April 26. Meyer's responses were due Monday, April 22. She has not responded.

## I.   DISCUSSION.

**A.   Meyer's failure to respond is an admission that the motions have merit.**

Under Western District of Washington Local Rule 7(b)(2), a party's failure to respond to a motion to dismiss can be deemed by the Court an admission that the motion has merit:

> (2) *Obligation of Opponent*. Each party opposing the motion shall, within the time prescribed in LCR 7(d), file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

The Motions *do* have merit, and the Court deems Meyer's failure to respond to them an admission of the same.

**B.    This Court has no jurisdiction to review or reverse state court decisions.**

The primary flaw in Meyer's complaint is that she asks this Court to force the state court to correct what she claims are errors in its adjudication of her family law dispute.

This Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). The United States Supreme Court is the only federal court with jurisdiction to hear an appeal from a state court. *Noel v. Hall*, 341 F.3d 1148, 1154–55 (9th Cir. 2003).

Meyer expressly asks the Court to overturn a state court decision regarding the sale of her home, asserting that Pierce County Superior Court Judge Kiesel "committed fraud on the Court by continuing to 'Pretend', as though she has jurisdiction so she can continue to unlawfully sell Plaintiff's home, without her consent, in complete violation of the law." Dkt. 5 at 6.

The Court does not have subject matter jurisdiction over this claim and the Pierce County Court defendants' motion to dismiss it without prejudice under Rule 12(1) is

1  **GRANTED**. Meyer's claims against the Pierce County Court defendants are

2  **DISMISSED**.

3      Meyer does not appear to plausibly allege any facts connecting the Puyallup

4  defendants to the state court litigation, but even if she did, the Court could not review or

5  reverse the Pierce County Court's resolution of any claim by or against the Puyallup

6  defendants. Their motion to dismiss without prejudice under *Rooker-Feldman* is

7  **GRANTED**, and Meyer's claims against them are **DISMISSED**.

8  **C.    Judicial officers are entitled to absolute judicial immunity.**

9      The Pierce County Court defendants correctly assert that they are absolutely

10 immune from Meyer's claims against them.

11     Judicial officers are immune from actions arising from the discharge of official

12 duties. *Mireles v. Waco*, 502 U.S. 9 (1991). "[J]udicial immunity is an immunity from

13 suit, not just from ultimate assessment of damages." *Id.* at 11. *See also Moore v.*

14 *Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996) (judicial immunity extends to declaratory

15 and other equitable relief), *superseded by statute on other grounds*. Judicial immunity

16 extends to judges and "certain others who perform functions closely associated with the

17 judicial process," including clerks and commissioners. *Moore*, 96 F.3d at 1245 (quoting

18 *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988)). *See also Mullis v. U.S. Bankr. Court for*

19 *Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (immunities available to judges also

20 apply to court staff "when they perform tasks that are an integral part of the judicial

21 process," unless they act in the "clear absence of all jurisdiction"). This immunity cannot

22 be overcome by allegations of legal error, bad faith, or malice. *Id.* at 1245.

Meyer has not and cannot overcome this well-established authority. The Pierce

County Court defendants' motion to dismiss with prejudice Meyer's claims against them

on this basis is **GRANTED**, and those claims are **DISMISSED** with prejudice.

**D.     Meyer cannot plausibly allege a constitutional claim.**

The Pierce County Court defendants and the Puyallup defendants also contend that

Meyer has failed to state a plausible claim against them. Dkts. 16, 17.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either

the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible

on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility"

when the party seeking relief "pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Although courts must accept as true the complaint's well-pled facts, conclusory

allegations of law and unwarranted inferences will not defeat an otherwise proper Rule

12(b)(6) motion to dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir.

2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A]

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do. Factual allegations must be enough to raise a right to relief above the

speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-

1    unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at

2    555).

3        "Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6)

4    motion, . . . Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and . . . 'the same

5    standard of review' applies to motions brought under either rule." *Cafasso, U.S. ex rel. v.*

6    *Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin*

7    *v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)); *accord Gentilello v. Rege*,

8    627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* standard to a Rule 12(c) motion).

9        When granting a Rule 12(b)(6) motion to dismiss, "a district court should grant

10   leave to amend even if no request to amend the pleading was made, unless it determines

11   that the pleading could not possibly be cured by the allegation of other facts." *Cook,*

12   *Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However,

13   when the facts are not in dispute and the sole issue is whether there is liability as a matter

14   of substantive law, courts may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193,

15   195–96 (9th Cir. 1988).

16       Meyer's third complaint does not meet this standard. Even absent the judicial

17   immunity and *Rooker-Feldman* problems, her complaint does not plausibly allege non-

18   conclusory facts supporting a reasonable inference that any defendant personally violated

19   her constitutional rights.

20       Defendants' Rule 12(b)(6) motions to dismiss are **GRANTED,** and Meyer's

21   claims against the moving parties are **DISMISSED.** Because Meyer's claims arising

22   from the underlying family law superior court case are fatally flawed for the reasons

1    discussed above, and because she has already amended her complaint twice, the dismissal

2    is with prejudice and without leave to amend further.

3    **E.    Meyer cannot represent the legal interests of another in this Court.**

4            There is an additional problem with Meyer's complaint. She purports to represent

5    the interests of her minor child, A.M., and to assert claims on his behalf, but she is not an

6    attorney admitted to practice law in this Court.

7            Although a non-attorney may appear *in propria persona* in her own behalf, that

8    privilege is personal to her. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966).

9    She has no authority to appear as an attorney for anyone other than herself. *Russell v.*

10   *United States*, 308 F.2d 78, 79 (9th Cir. 1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C.

11   Cir. 1953), *cert. denied*, 347 U.S. 944 (1954). The real party in interest must be the

12   person who "by substantive law has the right sought to be enforced." *See C.E. Pope*

13   *Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also McShane v.*

14   *United States*, 366 F.2d 286, 288 (9th Cir. 1966) (the privilege to represent oneself pro se

15   provided by section 1654 is personal to the litigant and does not extend to other parties or

16   entities). A non-lawyer representative cannot litigate claims that are not personal to her.

17   The pro se exception is extremely limited and applies "only if the layperson is acting

18   solely on her own behalf" with respect to his own legal rights and obligations. *Cottringer*

19   *v. State, Dep't of Emp. Sec.*, 162 Wash. App. 782, 787–88 (2011) (internal quotation

20   omitted).

21

22

1    Any claims on behalf of A.M. must be asserted through an attorney. A.M.'s claim

2    in this case against all defendants are **DISMISSED** without prejudice and A.M. is no

3    longer a party plaintiff in this case.

4    **IT IS SO ORDERED**.

5    Dated this 29th day of April, 2024.

6

7    _____

8    BENJAMIN H. SETTLE
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22