1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

S. MARIE MEYER et al.,

                    Plaintiffs,

        v.

DIANA LYNN KIESEL, et al.,

                    Defendants.

CASE NO. C24-5156 BHS

ORDER

THIS MATTER is before the Court on two motions to dismiss: (1) defendants Paul Hoffman, AEGIS Land Tile Group, LLC, Julie Hoffman, Richard Booth, Kelley Lowery and Wendy Bjornhal's (the "AEGIS defendants") Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6) motion to dismiss, Dkt. 20, and (2) defendants Robert Helland and Helland Law Group's (the "Helland defendants") Rule 12(b)(6) motion to dismiss, Dkt. 22.

Pro se plaintiff Marie Meyer's initial 187-page complaint asserted 70 counts against 39 named defendants. Dkt. 1. She also filed an amended complaint, Dkt. 3, and an unauthorized and thus ineffective second amended complaint, Dkt. 5. The Court dismissed Meyer's claims against the "Puyallup defendants" and the "Pierce County

defendants," because Meyer had failed to state a plausible claim and because she failed to respond to the defendants' motions to dismiss. Dkt. 19.

Meyer's claims arise from her state court dissolution proceedings, and she alleges that the defendants in this case were related to or responsible for her adverse result there. Her operative amended complaint asserts 42 U.S.C. §1983 claims against the AEGIS defendants and the Helland defendants, alleging broadly that their conduct in the underlying superior court dissolution action violated her constitutional rights. Dkt. 3. Helland represented Meyer in the case, and AEGIS, a title company, closed the home sale that appears to be the root of Meyer's complaint. Both sets of defendants seek dismissal, arguing that Meyer has not stated and cannot state a plausible claim against them.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although courts must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

When granting a Rule 12(b)(6) motion to dismiss, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, when the facts are not in dispute and the sole issue is whether there is liability as a matter of substantive law, courts may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Meyer has not responded to either motion.

**A.     Meyer's failure to respond is an admission that the motions have merit.**

Under Western District of Washington Local Rule 7(b)(2), a party's failure to respond to a motion to dismiss can be deemed by the Court an admission that the motion has merit:

> (2) *Obligation of Opponent*. Each party opposing the motion shall, within the time prescribed in LCR 7(d), file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

The Motions *do* have merit, and the Court deems Meyer's failure to respond to them an admission of the same.

**B.     Meyer has not stated and cannot state a plausible claim against the AEGIS defendants.**

The AEGIS defendants argue that Meyer has not alleged any facts connecting them to any of her claimed damage, and that she cannot plausibly articulate a § 1983 claim against them because they are not state actors. They correctly contend that Meyer's effort to have this Court correct errors in the state court proceedings is plainly barred under *Rooker Feldman*. They also assert without rebuttal that they have not been served.[1] Dkt. 20.

This Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[W]hen a losing plaintiff in state court brings a suit in federal district

---

[1] Meyer obtained summonses from the clerk's office on March 7, 2024, the same day she purported to file her second amended complaint. Dkts. 5 and 6. The next day, she filed bulk of her evidence that she had properly served a summons and complaint on the defendants. Dkts. 7, 8, and 9.

Each "proof of service" has the same, handwritten date correction (from March 6 or 7 to March 8); most have similar "signatures;" and most include the same "note" that the named defendant was served "by mail and email." *Compare* Dkt. 7 at 1 (process server "Lila Spruce, 6546 Main Street, Tacoma") with Dkt. 9 at 1 (process server "Bobby Frank, 3456 Fry Street, Phoenix AZ") and Dkt. 9 at 9 (process server "Sara Grabe, 920 Huson St Tacoma").

The documents are virtually identical, including the font; the handwritten descriptions, corrections, and signatures; and the difficult-to-believe service fee described in all of them: "$0.00." Leaving aside the fact that service by mail or email is not effective under Federal Rule of Civil Procedure 4, Meyer's "proof of service" documents do not appear to be authentic.

ORDER - 4

court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010).

These arguments are persuasive, and Meyer has not responded to them. The Aegis defendants' motion to dismiss under Rules 12(b)(5) and 12(b)(6) is **GRANTED**, and Meyer's claims against them are **DISMISSED,** without prejudice and without leave to amend.

**C.     Meyer has not stated and cannot state a plausible claim against the Helland defendants.**

The Helland defendants argue that private attorney Helland did not act under color of state law in representing Meyer in the underlying dissolution action, and that Meyer cannot assert a § 1983 claim against them as a matter of law. This argument is unassailable, and Meyer has not responded to it.

The Helland defendants' Rule 12(b)(6) motion to dismiss is **GRANTED**, and Meyer's claims against them are **DISMISSED,** without prejudice and without leave to amend.

**D.     Meyer is Ordered to SHOW CAUSE.**

Pro se plaintiff Meyer is Ordered to SHOW CAUSE why this matter should not be dismissed for failure to timely and properly serve the defendants under Federal Rule of Civil Procedure 4; for failure to prosecute this action; and for failure to state a plausible claim against any remaining defendant. She should do so in writing within **21 days**. If she

1   does not, her remaining claims against the remaining defendants will be dismissed

2   without further notice.

3   **IT IS SO ORDERED.**

4   Dated this 25th day of June, 2024.

5

6   _____

7   BENJAMIN H. SETTLE
    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22