UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| S. MARIE MEYER et al.,<br><br>            Plaintiff,<br><br>  v.<br><br>DIANA LYNN KIESEL, et al.,<br><br>            Defendants. | CASE NO. C24-5156 BHS<br><br>ORDER |

THIS MATTER is before the Court on its own motion following its Order requiring pro se plaintiff S. Marie Meyer to Show Cause, Dkt. 23, and on Defendant Helland's motion for Rule 11 sanctions, Dkt. 24.

Pro se plaintiff Marie Meyer sued Helland and a host of others after her dissolution proceedings in Pierce County Superior Court. Dkt. 1. The Court has dismissed most of Meyer's claims against most of the defendants, including Helland. Dkts. 19 and 23. Its most recent Order required Meyer to show cause by July 16 why her remaining claims should not be dismissed for failure to serve, failure to prosecute, and failure to state a claim. She has not done so, and her remaining claims are **DISMISSED**.

ORDER - 1

1      Helland's motion seeks the fees he incurred in successfully moving to dismiss.
2  The motion correctly points out that even a pro se plaintiff must comply with Rule 11,
3  and her filings certify to the Court that "claims, defenses, and other legal contentions are
4  warranted by existing law or by a nonfrivolous argument for extending, modifying, or
5  reversing existing law or for establishing new law." Dkt. 24 at 4 (citing Federal Rule of
6  Civil Procedure 11(b)(2)). As Helland argued, and the Court concluded, Meyer's 1983
7  against her private attorney Helland, were baseless; he is not a state actor.

8      This Court has only rarely sanctioned a pro se plaintiff, and it has seen countless
9  frivolous pro se pleadings. It has never done so without at least one warning, and only in
10 the most egregious cases. Meyer filed only her complaint in this case, and apparently
11 abandoned the case shortly thereafter.

12     The motion for sanctions is **DENIED**. All remaining claims against all remaining
13 defendants are **DISMISSED**.

14     The clerk shall enter a judgment and close the case.

15     Dated this 26th day of July, 2024.

BENJAMIN H. SETTLE
United States District Judge